1
2
3
4
5

Tammy Hussin (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

6
7
8
9

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

10
11

Attorneys for Plaintiff,
Michael Vice

12

13

14

15

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

17
18
19
20
21
22
23
24
25

| | |
|---|---|
| Michael Vice,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Vital Recovery Services, Inc.; and DOES<br>1-10, inclusive,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT**<br>**COLLECTION PRACTICES ACT, 15**<br>**U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT**<br>**COLLECTION PRATICES ACT,**<br>**CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

26

27

28

1
2
3

For this Complaint, the Plaintiff, Michael Vice, by undersigned counsel, states as follows:

**JURISDICTION**

4

5
6
7
8
9

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

10
11

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

12
13
14
15

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

16

**PARTIES**

17
18
19
20

4.      The Plaintiff, Michael Vice (hereafter "Plaintiff"), is an adult individual residing in Sacramento, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

21
22
23
24
25
26

5.      The Defendant, Vital Recovery Services, Inc. (hereafter "Vital"), is a company with an address of 3795 Data Drive, Suite 200, Norcross, Georgia 30092-6534, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

27
28

6.      Does 1-10 (the "Collectors") are individual collectors employed by Vital and whose identities are currently unknown to the Plaintiff.  One or more of the

2

Collectors may be joined as parties once their identities are disclosed through

discovery.

7.     Vital at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8.     A financial obligation (the "Debt") was allegedly incurred to a creditor

(the "Creditor").

9.     The Debt arose from services provided by the Creditor which were

primarily for family, personal or household purposes and which meets the definition of

a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Vital for collection, or

Vital was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Vital Engages in Harassment and Abusive Tactics**

12.     Within the last year, Vital contacted Plaintiff in an attempt to collect the

Debt. When calling Plaintiff, Vital requested to speak with Aldof Solvcough (the

"Debtor").

13.     During the initial conversation and during numerous subsequent

conversations, Plaintiff informed Vital that he was not the Debtor, that he did not know

the Debtor or his whereabouts, and that Plaintiff was in no way associated with the

3

Debt. Plaintiff further advised Vital during each conversation that the calls were inconvenient and harassing and directed Vital to cease all communications with him.

14.     Despite being so informed, Vital continued placing calls to Plaintiff at an excessive and harassing rate.

15.     Due to the constant calls from Vital, Plaintiff contacted his telephone carrier and had his number changed.

16.     Thereafter, Vital obtained Plaintiff's new number and continued calling Plaintiff in an attempt to collect the Debt.

## C.     Plaintiff Suffered Actual Damages

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

4

21.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

23.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

27.     Vital Recovery Services, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

28.     The Defendants caused a telephone to ring repeatedly and engaged the

Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation

of Cal. Civ. Code § 1788.11(d).

29.     The Defendants communicated with the Plaintiff with such frequency as

to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

30.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692,

et seq., in violation of Cal. Civ. Code § 1788.13(e).

31.     The Defendants did not comply with the provisions of Title 15, Section

1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

32.     The Plaintiff is entitled to damages as a result of the Defendants'

violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

33.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

34.     The Restatement of Torts, Second, § 652B defines intrusion upon

seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of

another, or his private affairs or concerns, is subject to liability to the other for invasion

of privacy, if the intrusion would be highly offensive to a reasonable person."

35.     California further recognizes the Plaintiff's right to be free from invasions

of privacy, thus the Defendants violated California state law.

6

36.    The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

37.    The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

38.    The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

39.    As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

40.    All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the

       Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A)

       against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  November 6, 2012                    TAMMY HUSSIN


                                        By:    /s/   Tammy Hussin
                                        Tammy Hussin, Esq.
                                        Lemberg & Associates, LLC
                                        Attorney for Plaintiff, Michael Vice